### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**WINN DIXIE STORES, INC.,**

          **Plaintiff,**

**v.**                                        **Case No:  6:13-cv-791-Orl-31GJK**

**ASPEN TRANSPORTATION, LLC, HGL
TRANSPORT, INC., GURDEEP SINGH,**

          **Defendants.**

_____

### ORDER

This cause comes before the Court on Defendants HGL Transport, Inc. ("HGL") and Mr. Gurdeep Singh's ("Mr. Singh") Motion to Dismiss (Doc. 22[1]) without timely response by the Plaintiff as well as Defendant Aspen Transportation, LLC's ("Aspen") Motion to Dismiss (Doc. 16) and Winn Dixie Stores, Inc.'s ("Winn Dixie") Response to Aspen's Motion to Dismiss (Doc. 23).

### I.    Background

Plaintiff filed this suit on May 20, 2013, alleging that Defendants accepted a shipment of Gold Red Flame seedless grapes (the "Shipment") which Defendants agreed to transport to Winn Dixie in Orlando Florida. Winn Dixie complains that the Defendants failed to deliver the Shipment. The Complaint contains four counts: I) Breach of Contract and/or Duties Under the Carmack Amendment; II) Breach of Bailment Obligation; III) Tort Claims; and IV) Alternative

---

[1] At the time HGL and Mr. Sing's Motion to Dismiss was filed a default against HGL had been entered by the clerk. (Doc. 17). Based on an unopposed motion to vacate the default (Doc. 28) the default was subsequently vacated (Doc. 34). The vacation of default cured any potential deficiency with HGL and Mr. Singh's Motion to Dismiss filed during the pendency of the default.

Breach of Contract Against Aspen and HGL. On July 15, 2013 Aspen moved to dismiss counts I – III of the Complaint. On August 8, 2013 HGL and Mr. Singh moved to dismiss the Complaint.[2]

## II.    Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).    The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)).    This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).   However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

---

[2] Plaintiff sought an extension of time to respond to HGL and Mr. Singh's Motion to Dismiss on the basis of Plaintiff's counsel's schedule. (Doc. 24). All counsel had been advised by the Court that "the schedule of any individual lawyer in this case is not good cause for extension of any deadlines." (Doc. 21). The Magistrate Judge denied the extension on the basis of lack of good cause, citing the prior warning. (Doc. 25). Because Plaintiff failed to timely respond to HGL and Mr. Singh's Motion to Dismiss, it is ripe for adjudication by the Court and will be considered unopposed. *See* Local Rule 3.01(b).

cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

### III.     Discussion

### HGL and Mr. Singh's Motion to Dismiss

Plaintiff alleges that HGL is a California corporation and Mr. Singh is a California resident and in support of personal jurisdiction alleges that HGL operates routes and accepts loads for transportation in this District. (Doc. 1 ¶¶ 4-5). Further, Plaintiff alleges it hired defendant Aspen Transportation, LLC ("Aspen") to transport the Shipment to Orlando, Florida. (*Id.* ¶ 8). Aspen then allegedly sub-brokered with a nonparty, Victoria Logistics, Inc. ("Victoria"), which subsequently hired HGL and Mr. Singh to carry out the Shipment. (*Id.*).

HGL and Mr. Singh countered the allegations of personal jurisdiction through their Motion to Dismiss and an affidavit here summarized. (Docs. 22, 22-1). HGL and Mr. Singh, HGL's driver, conduct interstate freight deliveries but have never conducted deliveries to Florida and Florida is not part of HGL's geographic business area. (Doc. 22-1 ¶ 5). HGL does not have offices in Florida, business arrangements with Florida residents or businesses, nor does it solicit business in Florida. (*Id.* ¶¶ 5-7). Consistent with the allegations in paragraph 8 of the Complaint, HGL states that Victoria directed its actions. (*Id.* ¶¶ 8-11). Victoria directed HGL to deliver the Shipment from Bakersfield, California to Phoenix, Arizona through a bill of lading. (*Id.*). When HGL (Singh) arrived to pick up the Shipment, a second bill of lading directed the Shipment to Orlando. (*Id.*). HGL then contacted Victoria who informed it that the second bill of was a mistake and Victoria sent a third bill of lading again directing the Shipment to Phoenix, Arizona. (*Id.*).

HGL delivered the Shipment to Phoenix. (*Id.* ¶ 12). These factual assertions controvert the allegations that Defendants HGL and Mr. Singh have had contact with Florida.

Where, as in this case, the plaintiff fails to respond to the affidavit of a defendant challenging personal jurisdiction "and has filed nothing that would provide an evidentiary basis for the exercise of jurisdiction over" the moving defendants, a district court should dismiss the claims against those defendants pursuant to Federal Rule of Civil Procedure 12(b)(2). *See United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (where defendant challenges personal jurisdiction by affidavit the burden shifts to plaintiff to produce evidence supporting jurisdiction); *see also Pandeosingh v. Am. Med. Response, Inc.*, 09-60776-CIV-JORDAN, 2009 WL 2780884, at *2 (S.D. Fla. July 8, 2009) (dismissing case for lack of personal jurisdiction where plaintiff failed to provide evidentiary basis for exercise of jurisdiction).

**Aspen's Motion to Dismiss**

Aspen moves to dismiss Counts I – III on two grounds that merit discussion:[3] 1) that Aspen is a freight broker, not a common carrier under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (2012) ("Carmack Amendment"), and therefore, Count I should be dismissed, and 2) the bailment and tort claims counts (Counts II and III respectively) are preempted by the Interstate Commerce Act ("ICA"), codified as amended 49 U.S.C. § 10101 et seq. Both of these are addressed in turn.

---

[3] Aspen argued for dismissal of Counts II and III on the basis of the economic loss rule. (Doc. 16 at 7-8). This doctrine is now only applicable to products liability cases under Florida law. *Tiara Condominium Association, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So.3d 399 (Fla. 2013). Because *Tiara* was decided four months prior to Aspen's Motion to Dismiss, Aspen's economic loss rule argument based on pre-*Tiara* cases, without addressing their post-*Tiara* application, will be disregarded.

**A. The Complaint Sufficiently Alleges Aspen is a Carrier Under the Carmack Amendment**

Aspen contends that certain paragraphs of the Complaint make plain that Aspen acted as a broker, not a carrier, under the scope of the Carmack Amendment. (Doc. 16 at 2-4). Winn Dixie seems to concede that Aspen would not be liable under the Carmack Amendment if Aspen established it was not a carrier. (Doc. 23 at 5-6). The Carmack Amendment "makes common carriers liable for actual loss of or damage to shipments in interstate commerce." *A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp.*, 334 F.3d 997, 1003 (11th Cir. 2003); *see also Underwriters At Lloyds Subscribing to Cover Note MC-1151 v. Fedex Truckload Brokerage, Inc.*, 09-21892-CIV, 2010 WL 2681224, at *5 (S.D. Fla. July 7, 2010) (if an entity is found to act as a carrier it may be liable under the Carmack Amendment); *Hewlett-Packard Co. v. Brother's Trucking Enterprises, Inc.*, 373 F. Supp. 2d 1349, 1351 (S.D. Fla. 2005) ("The Carmack Amendment governs carriers, not brokers.").

The Carmack Amendment defines carrier as: "a motor carrier, a water carrier, and a freight forwarder." 49 U.S.C. § 13102(3) (2012). Given the allegations of truck transport of the Shipment, Aspen could be either a freight forwarder or motor carrier. These are defined as:

> **Freight Forwarder.**— The term 'freight forwarder' means a person holding itself out to the general public (other than as a pipeline, rail, motor, or water carrier) to provide transportation of property for compensation and in the ordinary course of its business—
>
> > (A)  assembles and consolidates, or provides for assembling and consolidating, shipments and performs or provides for break-bulk and distribution operations of the shipments;
> >
> > (B)  assumes responsibility for the transportation from the place of receipt to the place of destination; and
> >
> > (C)  uses for any part of the transportation a carrier subject to jurisdiction under this subtitle. The term does not include a person using transportation of an air carrier subject to part A of subtitle VII.
>
> . . .

> **Motor carrier**.—The term "motor carrier means a person providing motor vehicle transportation for compensation.

49 U.S.C.A. § 13102.

In paragraph 8(i) of the Complaint Winn Dixie alleges that "[Aspen] would ensure that their trucks were loaded" and Aspen would "provide . . . on-time delivery . . . of the Plaintiff's commodities being transported . . . ." These allegations, assumed to be true, are sufficient to state a claim on the basis that Aspen was covered by the Carmack Amendment.

### B.  Common Law Claims may be Pled in the Alternative

Winn Dixie agrees that if the Court holds that Aspen is a carrier under the Carmack Amendment, then Counts II and III cannot stand. (Doc. 23 at 10). Counts II and III are, therefore, alternative counts to Count I.

Aspen contends that the ICA preempts any state cause of action against it as a broker, save a breach of contract claim. (Doc. 16 at 4-7). This is contrary to the greater weight of authority. Indeed, one of the cases that Aspen relies on for a separate point of law acknowledged "most courts hold that brokers may be held liable under state tort or contract law in connection with shipments." *Chubb Grp. of Ins. Companies v. H.A. Transp. Sys., Inc.*, 243 F. Supp. 2d 1064, 1069 (C.D. Cal. 2002); *see also Underwriters At Lloyds Subscribing to Cover Note MC-115*, 09-21892-CIV, 2010 WL 2681224, at *6  (if an entity is found to act as a carrier it may be liable under the Carmack Amendment, but if it acted as a broker it may be liable under common law causes of action); *Hewlett-Packard Co.*, 373 F. Supp. 2d at 1352 (same); *Oliver Products Co. v. Foreway Mgmt. Servs., Inc.*, 1:06-CV-26, 2006 WL 2711515, at *1 (W.D. Mich. May 24, 2006) (addressing the savings clause in 49 U.S.C. § 13103 and stating "the default rule is that a common law claim against a broker (such as a claim for breach of contract or negligence) is not preempted absent specific statutory language to the contrary. Is there specific statutory language which precludes

common law suit against a transportation broker? No."). Accordingly, Aspen's argument that the ICA preempts state law causes of actions except breach of contract against brokers is unavailing.

It is therefore,

**ORDERED** that Defendants HGL and Mr. Sing's Motion to Dismiss (Doc. 22) is **GRANTED,** and the claims against these Defendants are dismissed with prejudice for lack of personal jurisdiction over them. Defendant Aspen's Motion to Dismiss (Doc. 16) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 5, 2013.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties